**Tarek Mohammed ABDEL–RAZEK, a.k.a. Parek Mohammed Abdelrazer, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 95–70395, A71–953–257.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 1996. *

Memorandum April 16, 1997.

Order and Opinion June 5, 1997.

Terrence McGuire, Los Angeles, CA, for petitioner.

Karen Fletcher Torstenson, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for respondent.

Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER, Senior District Judge. **

**ORDER**

The memorandum disposition filed April 16, 1997, is redesignated as an authored opinion by Judge William W Schwarzer.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir. R. 34–4.

** Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## OPINION

SCHWARZER, Senior District Judge:

Tarek Mohammed Abdel–Razek petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying petitioner's application for a waiver under section 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h), and ordering deportation. Petitioner came to the United States as a student visitor in 1985. Seven months later, he was arrested for stabbing a man to death. He pled guilty to voluntary manslaughter in 1989, and was sentenced to eleven years in prison. In 1994 deportation proceedings were initiated based on his manslaughter conviction. On May 1, 1995, the BIA ordered petitioner deported. On October 6, 1995, petitioner filed his petition in this court.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Title IV of the Act amends the INA in various respects, including judicial review of orders of deportation. We held in *Duldulao v. INS,* 90 F.3d 396, 398–99 (9th Cir.1996) (petition for reh'g pending), that the effect of the AEDPA is to withdraw the jurisdiction of the courts of appeals to consider petitions filed prior to the AEDPA's enactment.

Section 440(a) of the AEDPA amends 8 U.S.C. § 1105a(a)(10) to read as follows:

Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 1251(a)(2)(A)(iii), (B), (C), or (D) of this title, ... shall not be subject to review by any court.

Petitioner was convicted of manslaughter for stabbing a man to death. That offense makes him deportable under section 1251(a)(2)(A)(iii). The fact that the BIA did not issue its order with reference to that section does not alter petitioner's status as a convicted felon for purposes of the availabili-ty of judicial review. We therefore lack jurisdiction.

The petition is DISMISSED.