Jose N. BRISENO, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–71182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1999.

Decided Oct. 13, 1999.

John D. Mansfield, San Diego, California, for the petitioner.

M. Jocelyn Lopez Wright, Gretchen M. Wolfinger, United States Department of

Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

Before: CANBY and SILVERMAN, Circuit Judges, and SNYDER,[1] District Judge.

CANBY, Circuit Judge:

Jose Briseno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen his deportation proceedings and to reconsider its denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(c) (1994) (repealed 1996). Briseno is deportable as an alien because he was convicted of two crimes involving moral turpitude, one of which was an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). *See* INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii) (1994) (now codified at 8 U.S.C. § 1227(a)(2)(A)(iii)). Because this Court lacks jurisdiction to hear Briseno's claim, we dismiss the petition.

■ This Court lacks jurisdiction over Briseno's petition because Congress has divested the federal appellate courts of jurisdiction to review his claim. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, § 309(c)(4)(G), 110 Stat. 3009–546, 3009–626 to –627 (1996) ("IIRIRA")[2] provide that:

1. The Honorable Christina Snyder, United States District Judge for the Central District of California, sitting by designation.

2. The transitional rules apply in this case because Briseno was in deportation proceedings prior to April 1, 1997, and the BIA issued a final order of deportation after October 30, 1996. *See* IIRIRA §§ 309(a), 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997).

there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of [September 30, 1996] ) . . . .

IIRIRA § 309(c)(4)(G). As of September 30, 1996, INA § 241(a)(2)(A)(iii) provided that "[a]ny alien who is convicted of an aggravated felony at any time after admission [to the United States] is deportable." Thus, this Court does not have appellate jurisdiction over petitions filed by aliens who are deportable because they committed an "aggravated felony."[3]

■ Briseno argues that the Order to Show Cause did not *charge* him as deportable for committing an aggravated felony. It did charge him, however, with deportability under section 241(a)(4) of the Act, 8 U.S.C. § 1251(a)(4), on the basis of two convictions for crimes of moral turpitude: one for petty theft and the other for oral copulation by force and sodomy by force. There is no dispute that the second conviction is for an aggravated felony. Because the deportation order was necessarily based on that crime, and it qualifies as an aggravated felony, we have no appellate jurisdiction even though the deportation order did not characterize the crime as an aggravated felony or base deportation on that ground. *See Abdel–Razek v. INS*, 114 F.3d 831, 832 (9th Cir.1997).

■ We do not, however, accept the argument of the INS that it is sufficient to bar our jurisdiction that Briseno *committed* an aggravated felony, whether that

3. *Arrozal v. INS*, 159 F.3d 429 (9th Cir.1998) does not aid Briseno. Even if the discretionary relief he seeks under INA § 212(c) is "intertwined with the deportation order," *id.* at 432, this Court is precluded from reviewing the deportation order itself under IIRIRA § 309(c)(4)(G).

felony is charged or not. Like the First Circuit, we do not read "deportable by reason of having committed" an aggravated felony, IIRIRA § 309(c)(4)(G), as referring to felonies not charged at all in the Order to Show Cause. *See Choeum v. INS,* 129 F.3d 29, 38 (1st Cir.1997) ("It is ... highly doubtful that, in that context, Congress meant 'deportable by reason of' to mean, as the INS would have it, 'potentially susceptible to being deported by reason of....'"). Here, however, Briseno was charged in the Order to Show cause as being deportable because he was convicted of oral copulation by force and sodomy by force, and proof of that conviction was essential to the deportation order. Those facts are sufficient both to give him notice, and to deprive us of jurisdiction over an appeal by Briseno. *See id.* at 40 & n. 8; *Abdel–Razek,* 114 F.3d at 832. Because we lack jurisdiction over an appeal of the deportation order, we also lack jurisdiction to review the BIA's denial of Briseno's motion to reopen. *See Sarmadi v. INS,* 121 F.3d 1319 (9th Cir.1997).[4]

■ Briseno also raises constitutional claims under the Fifth and Eighth Amendments, which we dismiss for lack of jurisdiction. We need not address whether this Court would retain jurisdiction over "colorable constitutional claims" arising under IIRIRA, *see Webster v. Doe,* 486 U.S. 592, 603, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988), because Briseno has presented none. First, the BIA's denial of discretionary relief did not violate Briseno's rights under the Eighth Amendment because deportation is not criminal punishment. *See Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 119 S.Ct. 936, 947, 142 L.Ed.2d 940 (1999); *Fong Yue Ting v. United States,* 149 U.S. 698, 730, 13 S.Ct. 1016, 37 L.Ed. 905 (1893). Moreover, deportation is not "cruel and unusual punishment" even though the "penalty" may be severe. *See, e.g., Urbina–Mauricio v. INS,* 989 F.2d 1085,

1089 n. 7 (9th Cir.1993); *LeTourneur v. INS,* 538 F.2d 1368, 1370 (9th Cir.1976); *Van Dijk v. INS,* 440 F.2d 798 (9th Cir. 1971).

■■ Second, the denial of discretionary relief did not deprive Briseno of substantive due process under the Fifth Amendment. Briseno mistakenly assumes that he is entitled, at least presumptively, to residence in this country. This assumption is incorrect. Under the immigration laws, Briseno's status as a deportable criminal alien precludes any such entitlement. *See* INA § 241(a)(2)(A)(iii). The policy decision to deport aliens who have committed certain crimes is for Congress to make; we will not intervene as long as procedural due process requirements have been met. *Galvan v. Press,* 347 U.S. 522, 530–31, 74 S.Ct. 737, 98 L.Ed. 911 (1954). Briseno does not challenge the adequacy of the procedures utilized in his case. Accordingly, no colorable Fifth Amendment claim is presented by the BIA's denial of Briseno's section 212(c) petition.

The petition for review is therefore

**DISMISSED.**

---

4. The jurisdictional facts themselves are not in dispute. Briseno concedes that he is an alien and that he committed crimes "covered in section 241(a)(2)(A)(iii), (B), (C), or (D)."