**Dean Michael WAY, Petitioner–Appellant,**

**v.**

**IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent–Appellee.**

**No. 97–70674.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2000.

Submission Deferred Aug. 8, 2000.

Resubmitted Dec. 22, 2000.

Decided Jan. 23, 2001.

Before PREGERSON, HAWKINS, and McKEOWN, Circuit Judges.

## MEMORANDUM[1]

Dean Michael Way ("Way"), a native of Vietnam and a lawful permanent resident of the United States, petitions this court for review of a final decision of the Board of Immigration Appeals ("BIA"), which affirmed the order of an Immigration Judge ("IJ"). The IJ denied Way's application for a waiver of deportation under § 212(c) of the Immigration and Nationality Act ("INA"). The BIA affirmed the finding of the IJ that Way was "an alien who is deportable by reason of having committed [an aggravated felony] covered in section 241(a)(2)(A)(iii)."[2] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") § 440(d).

Way contends that the INS does not have jurisdiction over him because he is eligible for derivative citizenship, either through his adoptive parents, who are United States citizens, or through his biological father, whom he claims is also a United States citizen. Way claims that the BIA erred in denying his application for discretionary relief from deportation pursuant to § 212(c) of the INA.

This court has jurisdiction to "determine for itself whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in [§ 241(a)(2)(A)(iii)]." *Yang v. INS,* 109 F.3d 1185, 1192 (7th Cir.), *cert. denied,* 522 U.S. 1027, 118 S.Ct. 624, 139 L.Ed.2d 605 (1997). We find that Way's claim that he is a citizen of the United States is without merit because he has failed to meet the requirements of the applicable statutes. *See* 8 U.S.C. §§ 1431–33; INA § 301(a)(7) (1967).

Section 212(c) of the INA has been amended by § 440(d) of AEDPA. Under the amended version of § 212(c), any alien convicted of an aggravated felony under § 241(a)(2)(A)(iii) of the INA is barred from relief under § 212(c). The BIA found that Way had previously been convicted of an aggravated felony under § 241(a)(2)(A)(iii) of the INA and thus concluded that Way was statutorily ineligible for § 212(c) relief.[3]

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. On January 11, 1994, Way was convicted following a jury trial, in Hawaii state court, of first degree robbery. He served thirty-one months in prison.

3. In reaching this conclusion, the BIA relied on its decision in *Matter of Soriano,* which held that the amended version of § 212(c)

applies to any alien whose application for a § 212(c) waiver was filed after April 24, 1996, the date of AEDPA's enactment. Because Way's application for § 212(c) waiver was filed on June 28, 1996, the BIA concluded that the amended version of § 212(c) applied to his case. On July 18, 2000, the Attorney General proposed a rule that attempted to conform with the weight of circuit authority with regard to deportation proceedings beginning before the enactment of AEDPA. The proposed rule allows for certain aliens in deportation proceedings commencing before the

In this appeal, Way argues that the version of § 212(c) that was amended by § 440 of AEDPA does not apply to his case.[4] Specifically, Way argues that because he was already in deportation proceedings when Congress enacted AEDPA on April 24, 1996, § 440(d) cannot be applied to him retroactively.

■ Because Way is an alien and the BIA's final order of deportation was entered in May 1997, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996 determine whether we have jurisdiction over the merits of Way's § 212(c) claim. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). Section 309(c)(4)(G) of IIRIRA states that when a final order of deportation is entered after October 30, 1996, "there shall be no appeal permitted in the case of an alien who is . . . deportable by reason of having committed a criminal offense covered in . . . section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act. . . ." IIRIRA § 309(c)(4)(G). Way is an alien who is deportable by reason of his first degree robbery conviction, a criminal offense covered in § 241(a)(2)(A)(iii) of the INA. Therefore, we lack the jurisdiction to address the merits of Way's § 212(c) claim.[5] *See Briseno v. INS,* 192 F.3d 1320, 1322 (9th Cir.1999).

The petition is DISMISSED.

---

date of AEDPA's enactment to apply for relief pursuant to 212(c). *See* 65 Fed.Reg. 44476–81 (July 18, 2000).

4. Before the revision of the INA by IIRIRA, § 212(c) of the INA provided that aliens who were lawfully admitted for permanent residence, who temporarily proceeded abroad voluntarily and not under order of deportation, and who were returning to a lawful, unrelinquished domicile in the United States of seven consecutive years, could be admitted to the United States at the discretion of the Attorney General. Section 212(c) has been construed to permit legal aliens, such as Way, who were placed in deportation proceedings in the United States, to apply for discretionary relief from deportation. *See Matter of Silva,* 16 I. & N. Dec. 26, 1976 WL 32326 (1976). AEDPA significantly limited the op-

portunity for discretionary relief under § 212(c) by effectively rendering ineligible any alien deportable because of convictions for certain criminal offenses, including aggravated felonies. *See id.,* § 440(d).

5. Way may, however, raise his challenge as a habeas petition. In *Magana–Pizano v. INS,* 200 F.3d 603 (9th Cir.1999), this court held that "we join the vast majority of our sister circuits, and conclude that neither AEDPA nor IIRAIRA repealed statutory habeas remedies . . . . Thus, 28 U.S.C. § 2241 remains an available remedy to those challenging executive detention." *Id.* at 609.

