**Senh Va TRANG, Petitioner**

v.

**John ASHCROFT \*, Attorney General Respondent**

No. 99–71540.
I & NS No. A25–199–932.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2001.

Decided Oct. 10, 2001.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States.

** The Honorable Donald W. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before LAY **, TROTT and BERZON, Circuit Judges.

### MEMORANDUM ***

Trang petitions this court to review the Board of Immigration Appeals' final order of removal in his case.

Under 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review a final order of removal against a petitioner who is "removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii) ... of this title ...." Trang has not challenged the BIA's finding that his conviction for second degree assault with a deadly weapon under Rev.Code Wash. § 9A.36.021(c) is an "aggravated felony" as defined by 8 U.S.C. § 1227(a)(2)(A)(iii). Moreover, we agree with the BIA that a violation of Rev.Code Wash. § 9A.36.021(c) is an aggravated felony. Looking to the "statutory definition of the offense," *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir.2000), we determine that all the conduct reached by the statute involves either "the use, attempted use, or threatened use of physical force against the person or property of another" or "is a felony ... that by its very nature, involves

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16. Trang was sentenced to one year in prison, and, under Washington law, second degree assault is a felony. The offense of which Trang was convicted therefore meets all the statutory conditions to be an aggravated felony. 8 U.S.C. § 1101(a)(43)(F).

■ Trang argues that even if he is deportable for having been convicted of a crime that counts as an aggravated felony, 8 U.S.C. § 1252(a)(2)(C) does not strip this court of jurisdiction because the INS's Order to Show Cause charged Trang with excludability, not deportability under 8 U.S.C. § 1227(a)(2)(A)(iii). However, our holding in *Briseno v. INS*, 192 F.3d 1320 (9th Cir.1999), and the language of 8 U.S.C. § 1252(a)(2)(C) itself make it clear that as long as the INS included the underlying offense in the Order to Show Cause, it does not matter if the INS did not characterize the offense in the way it now characterizes the offense for purposes of the jurisdiction statute.

In this instance, the INS charged Trang with inadmissibility due to prior convictions for two crimes of moral turpitude, including the second degree assault conviction discussed above. Because the removal order "was necessarily based on that crime, and it qualifies as an aggravated felony, we have no appellate jurisdiction even though the deportation order did not characterize the crime as an aggravated felony." *Briseno*, 192 F.3d at 1322.

In addition, the text of U.S.C. § 1252(a)(2)(C) restricts this court's jurisdiction without regard to the INS's theory of removability. The statute simply states that if an alien is "removable" for having been convicted of certain crimes, then our jurisdiction is restricted.[1]

Having determined that Trang is removable by reason of coming within one of the categories listed in 8 U.S.C. § 1252(a)(2)(C), we must dismiss his petition. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000). As a result, we cannot reach Trang's principle arguments on appeal: that his second-degree assault conviction is not a crime of moral turpitude and that *Rosenberg v. Flueti*, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), prevents the INS from treating Trang as an arriving alien. However, nothing in this opinion or in 8 U.S.C. § 1252(a)(2)(C) precludes Trang from making these arguments in a petition for habeas corpus relief. *See Calcano– Martinez v. INS*, 533 U.S. ——, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001).

PETITION DISMISSED.

---

1. *Briseno* held that our jurisdiction is not so restricted if the convictions are not included at all on the Order to Show Cause. 192 F.3d at 1322–23; *see also Chowdhury v. INS*, 249 F.3d 970, 975 (9th Cir.2001).