Nicolas VILLA–ARREOLA,
Plaintiff—Appellant,

v.

John ASHCROFT, Attorney General
Defendant–Appellee.

No. 00–56089.

D.C. No. CV–00–00287 JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2001 *.

Decided Oct. 29, 2001.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM **

Nicolas Villa–Arreola, a native and citizen of Mexico currently residing in the United States, seeks review of the District Court's denial of his 28 U.S.C. § 2241 habeas petition. The Supreme Court's recent decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), makes clear that the District Court properly exercised its jurisdiction when it heard Villa–Arreola's petition. *Id.* at 2287 (holding that habeas jurisdiction under § 2241 was not repealed either by AEDPA or IIRIRA). We have jurisdiction under 28 U.S.C. § 2253 and Fed. R.App. P. 22. We affirm.

█ Villa–Arreola argues that his removal (1) violates the double jeopardy clause of the Fifth Amendment, and (2) contravenes the prohibition against cruel and unusual punishment found in the Eighth Amendment.

The Supreme Court and this Circuit have consistently held that the removal process is a civil proceeding and not criminal punishment. *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (deportation is a purely

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**772**

civil proceeding); *Urbina–Mauricio v. INS*, 989 F.2d 1085, 1089 n. 7 (9th Cir. 1993). Appellant's double jeopardy and cruel and unusual punishment claims must therefore fail because both depend on the imposition of some criminal punishment. Removal, though harsh in some cases, is not punishment. *LeTourneur v. INS*, 538 F.2d 1368, 1370 (9th Cir.1976) (finding double jeopardy and cruel and unusual punishment claims without merit); *see also Oliver v. United States Dept. of Justice, INS*, 517 F.2d 426, 428 (2d Cir.1975) (double jeopardy and cruel and unusual punishment claims fail because deportation is a civil procedure).

 Villa–Arreola, however, argues that Congress' passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009–546, has transformed removal proceedings into criminal proceedings. But he points to no legal authority to support his contention. On the contrary, the Supreme Court and this Circuit remain of the view that removal remains a civil proceeding post-IIRIRA. *See, e.g., Zadvydas v. Davis*, —— U.S. ——, ———— ——, 121 S.Ct. 2491, 2498–99, 150 L.Ed.2d 653 (2001) (cautioning that the indefinite detention of aliens under IIRIRA would raise serious constitutional problems because immigration proceedings "are civil, not criminal, and we assume that they are nonpunitive in purpose and effect"); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 491, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) ("While the consequences of deportation may assuredly be grave, they are not imposed as a punishment ...") (citation omitted); *Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir.1999) (explaining, post-IIRIRA, that removal is not criminal punishment).

Moreover, none of the IIRIRA's changes applies to Villa–Arreola or are relevant to his case. For example, the change in burden of proof effected by the IIRIRA, and pointed out by Villa–Arreola, applies only to aliens seeking admission to the United States-not aliens such as Villa–Arreola seeking to prevent their deportation. Similarly, the indefinite detention and automatic removal provisions Villa–Arreola refers to are also inapposite here.

Accordingly, we AFFIRM the District Court's denial of Villa–Arreola's petition for a writ of habeas corpus.