**June Dumayas BAYUDAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 00–70916.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001.*

Filed April 15, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald T. Oldenburg, Waipahu, Hawaii, for the petitioner.

Christine Bither, Office of Immigration Litigation, Civil Division, Washington, District of Columbia, and Ronald E. LeFevre, Chief Legal Officer, District Counsel, Immigration and Naturalization Service, San Francisco, California, for the respondent.

Before: BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## ORDER

This case involves a petition for review of a removal order issued by the Board of Immigration Appeals ("BIA"). We lack jurisdiction over the petition due to petitioner's conviction for an aggravated felony, and dismiss the petition.

### I

June Dumas Bayudan ("Bayudan") is a citizen of the Philippines living in the United States. Bayudan was admitted as an immigrant into the United States in January 1983. In September 1986, the 16–year–old Bayudan took part in a gang beating during which the victim received fatal injuries. Bayudan was tried as an adult and convicted of manslaughter in Hawaii state court in August 1995. The conviction was affirmed on direct appeal to the Hawaii Supreme Court in August 1997.

The INS initiated deportation proceedings against Bayudan in May 1998, charging him with removability for conviction of a crime involving moral turpitude under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i).[1] Bayudan argued that manslaughter is not a crime of moral turpitude and applied for cancellation of removal under INA § 240A(a), 8 U.S.C.

---

1. The INS also charged Bayudan as being removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for conviction of an aggravated felony, but later dropped that charge.

§ 1229b(a). He also argued that his removal would cause extreme hardship to his wife, a United States citizen, making him eligible for discretionary waiver of removal under INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B). The Immigration Judge ("IJ") held that manslaughter was a crime of moral turpitude and found that Bayudan was not eligible for § 240A(a) cancellation. The IJ also held that Bayudan was ineligible for waiver under § 212(h)(1)(B) because Bayudan's wife's immediate relative petition had not yet been adjudicated. On August 28, 1998, the IJ ordered Bayudan deported.

Bayudan appealed to the BIA. The BIA affirmed the IJ's finding of Bayudan's removability and ineligibility for cancellation, but remanded for redetermination of Bayudan's eligibility for waiver under § 212(h)(1)(B).

Upon remand, the IJ found that Bayudan could not establish by a preponderance of the evidence that his wife would suffer "extreme hardship" upon his removal from the United States and held that therefore Bayudan was not statutorily eligible for waiver under § 212(h)(1)(B). The IJ again ordered Bayudan deported on December 1, 1999.

Bayudan appealed the IJ's decision to the BIA. On June 6, 2000, the BIA affirmed the IJ's § 212(h)(1)(B) decision and dismissed the appeal.

Bayudan filed a timely petition for review with request for stay of removal in the Ninth Circuit on July 25, 2000. On January 10, 2001, we issued an order granting the government's motion to dismiss Bayudan's petition for lack of jurisdiction and denying Bayudan's request for removal as moot. Bayudan timely moved us to reconsider that order. We held the reconsideration motion in abeyance pending the outcome of a similar case. That case concluded with an unpublished opinion.

In September 2001, the fifteen-year anniversary of Bayudan's crime passed. Under INA § 212(h)(1)(A), 8 U.S.C. § 1182(h)(1)(A), an alien is eligible for discretionary waiver of removal if "the activities for which the alien is inadmissible occurred more than 15 years before the date of the alien's application for a visa, admission, or adjustment of status." On January 2, 2002, Bayudan moved the Ninth Circuit to terminate the proceedings and declare Bayudan nonremovable, or in the alternative remand to the BIA for further proceedings under § 212(h)(1)(A).

## II

We grant Bayudan's motion to reconsider our previous order dismissing the petition for lack of jurisdiction. We lack jurisdiction over Bayudan's petition for review for different reasons, and dismiss the petition for review. We also deny Bayudan's motion to remand or to terminate for lack of jurisdiction and deny his request for stay of removal as moot.

■ We lack jurisdiction to review Bayudan's order of removal. Bayudan was convicted of manslaughter, an aggravated felony that renders an alien deportable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). *Park v. INS*, 252 F.3d 1018, 1020–21 (9th Cir.2001). We lack jurisdiction to review the petition of an alien convicted of an aggravated felony. INA § 242A(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). It is irrelevant that Bayudan's removal order was based on grounds of moral turpitude. "Because the deportation order was necessarily based on [a crime which] qualifies as an aggravated felony, [the Ninth Circuit has] no appellate jurisdiction even though the deportation order did not characterize the crime as an aggravated felony or base deportation on that

ground." *Briseno v. INS*, 192 F.3d 1320, 1322 (9th Cir.1999).

 We also lack jurisdiction to remand or terminate the proceedings based on Bayudan's alleged eligibility for relief under § 212(h)(1)(A). We lack jurisdiction to consider claims for eligibility of relief from deportation not raised before the BIA. *Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir.2000) ("Motions to reopen for consideration ... may not be urged in the first instance before our court; an applicant must first exhaust his or her administrative remedies before the BIA."); *Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999)("Because the [aliens] did not raise the issue of their eligibility for relief ... before the BIA, we lack jurisdiction to consider that claim.").

Petitioner's motion for reconsideration is GRANTED and our previous order dismissing for lack of jurisdiction is VACATED. The petition for review is DISMISSED for lack of jurisdiction. Petitioner's motion for stay of removal is DENIED as moot. Petitioner's motion for remand or termination is DENIED.