**Fahad Abdel NAWAISEH, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE; John Ashcroft, Atty General, Respondents.**

**No. 01–70927.**
**I & NS No. A70–070–925.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2002 [1].

Decided June 13, 2002.

Before LAY,[2] FERGUSON and TALLMAN, Circuit Judges.

MEMORANDUM [3]

Fahad Abdel Nawaiseh, a native and citizen of Jordan, became a lawful permanent resident of the United States in March 1991. In March 1998, he pled guilty to one count of conspiracy to commit wire fraud and one count of wire fraud aiding and abetting. He was sentenced to

---

1. The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

2. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

three years probation, four months of in-house detention, and ordered to pay $250,380.97 in restitution. As a result, Nawaiseh was placed in removal proceedings where the Immigration and Naturalization Service ("INS") argued his crimes constituted aggravated felonies so that he was ineligible for asylum or for withholding of removal.

In December 1999, the Immigration Judge ("IJ") ordered Nawaiseh removed to Jordan because he was ineligible for any type of relief. Regarding the single count of wire fraud aiding and abetting to which Nawaiseh pled guilty, the IJ found there was insufficient evidence that the actual loss to the victim exceeded $10,000. Thus, the conviction failed to constitute an aggravated felony under Immigration and Naturalization Act ("INA") § 101(a)(43)(M), 8 U.S.C. § 1101(a)(43)(M). Nonetheless, the IJ found the conspiracy to commit wire fraud constituted an aggravated felony under INA § 101(a)(43)(U), 8 U.S.C. § 1101(a)(43)(U), because Nawaiseh was part of a conspiracy to defraud the victims of an amount in excess of $10,000, whether or not they actually suffered a loss. As an aggravated felon, the IJ found Nawaiseh had been convicted of a particularly serious crime. Therefore, Nawaiseh was ineligible for asylum or for withholding of removal. See 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).

On appeal, the Board of Immigration Appeals affirmed the decision of the IJ without opinion; therefore, the decision of the IJ represents the final agency determination under review. 8 C.F.R. § 3.1(a)(7)(iii). We lack jurisdiction to review a removal order if the alien is removable for having been convicted of an aggravated felony. 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii). While "we have jurisdiction to determine our own jurisdiction," *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000),

if either of the crimes for which Nawaiseh was convicted constitute an aggravated felony, we must deny the petition for want of jurisdiction. *See Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000); *Castro–Baez v. Reno*, 217 F.3d 1057, 1058 (9th Cir.2000). We review de novo the IJ's determination that Nawaiseh was convicted of an aggravated felony for which he is subject to removal. *See Ye*, 214 F.3d at 1131.

For the purposes of the INA, an offense involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000" constitutes an aggravated felony. 8 U.S.C. § 1101(a)(43)(M)(i). So too does "an attempt or conspiracy to commit an offense described in this paragraph." 8 U.S.C. § 1101(a)(43)(U). Nawaiseh argues the only loss attributable to his crime was the loss to one victim, Hazel Anderson, which was less than $10,000. We disagree.

The record indicates Nawaiseh attempted to receive $364,295 through the fraudulent scheme and was personally responsible for causing an actual loss of $250,380.97. It is no coincidence that this is the amount he was ordered to pay in restitution. While Nawaiseh is correct that one of the counts to which he pled guilty dealt only with Ms. Anderson, he also pled guilty to one count of conspiracy to commit wire fraud. "[I]t is settled law that a coconspirator is liable for substantive offenses committed in furtherance of the conspiracy ...." *United States v. Miranda–Uriarte*, 649 F.2d 1345, 1353 (9th Cir.1981). Nawaiseh was part of a conspiracy that defrauded numerous victims of close to $2 million. We agree with the IJ that Nawaiseh was convicted of an aggravated felony as defined in INA § 101(a)(43)(U), 8 U.S.C. § 1101(a)(43)(U), which formed the basis for the removal order. We therefore lack jurisdiction to hear this appeal. 8 U.S.C. § 1252(a)(2)(C);

*see also Briseno v. INS,* 192 F.3d 1320, 1322 (9th Cir.1999) ("This Court lacks jurisdiction over [the] petition because Congress has divested the federal appellate courts of jurisdiction to review [Petitioner's] claim.").

The petition for review is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.