**Juan Francisco GUTIERREZ–PEREZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71552.

INS No. A92–397–234.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided June 16, 2003.

---

Before CANBY, GOULD, and BERZON, Circuit Judges.

### MEMORANDUM *

Juan Francisco Gutierrez–Perez petitions for review of a final order of removal entered by the Board of Immigration Appeals (BIA). He challenges the Board's determination that he is statutorily ineligible for discretionary relief from removal under either former INA § 212(c), 8 U.S.C. § 1182(c), or § 212(h), 8 U.S.C. § 1182(h).[1]

 We are presented at the outset with an insurmountable jurisdictional hurdle. Under the jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), we lack jurisdiction to review a final order of removal of an alien who is removable by reason of having committed a criminal offense covered in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Section 212(c), codified at 8 U.S.C. § 1182(c), was repealed in 1996 with the passage of IIRIRA. *See INS v. St. Cyr*, 533 U.S. 289, 297, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). It was replaced by 8 U.S.C. § 1229b, which prohibits discretionary waivers for aliens previously convicted of any aggravated felony. *Id.* at 297 & n. 7. The Supreme Court held in *St. Cyr* that § 212(c) relief would remain available for aliens whose convictions were obtained through plea agreements prior to 1996. *See id.* at 308–09. Gutierrez–Perez received his conviction through a plea agreement in 1995, and therefore could petition for relief under § 212(c) in 2001, despite the fact that § 212(c) had been repealed for five years.

§ 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(C). Gutierrez–Perez did not deny that he has been convicted of an aggravated felony that falls within this provision.

Gutierrez–Perez contends that we may nevertheless entertain his challenges, and the government agrees with him. The government contends that, despite the jurisdiction-stripping statute, we have jurisdiction to review "substantial constitutional claims," which at the time of briefing included Gutierrez–Perez's claim that § 212(h) violates equal protection by denying relief to permanent resident aliens who have committed specified felonies while allowing such relief for aliens without permanent resident status. The government also suggests that we should address Gutierrez–Perez's statutory claim that he is eligible for § 212(c) relief because the portion of his incarceration that was spent in a youth correctional facility does not qualify as imprisonment and that his imprisonment thus does not equal the five years that renders an applicant ineligible for § 212(c) relief.

The government's jurisdictional arguments, as well as those of Gutierrez–Perez, are squarely foreclosed by our decision in *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135–36 (9th Cir.2000). There we held that the jurisdiction-stripping provision of IIRIRA deprived us of jurisdiction even over substantial constitutional questions presented by a petition for review. *Id.* Because such claims, as well as statutory claims presenting a question of law, can be raised in habeas corpus proceedings, they are effectively barred from review by this court under a petition for review. *Id.* at 1143.

*Flores–Miramontes* is entirely consistent with the subsequent decisions of the Supreme Court in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and *Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). *St. Cyr* held that Congress's jurisdiction-stripping provisions did not deprive district courts of their pre-existing habeas corpus jurisdiction. *St. Cyr*, 533 U.S. at 314. *Calcano–Martinez* upheld decisions of the courts of appeals denying jurisdiction over direct appeals by aggravated felons, because their claims could be raised by habeas corpus in the district courts. *Calcano–Martinez*, 533 U.S. at 351–52. Although *Calcano–Martinez* referred in a footnote to the government's contention that a court of appeals could address substantial constitutional questions on direct review, it did not address that point or otherwise say anything to dilute the authority of *Flores–Miramontes* in this circuit. *See id.* at 350 n. 2. *Flores–Miramontes* accordingly controls, and this court lacks jurisdiction over Gutierrez–Perez's petition.

The government suggests that it is permissible for us to exercise jurisdiction over Gutierrez–Perez's constitutional claim on direct review because Gutierrez–Perez was removed from the country within a few days of his order of removal. This short interval provided him no reasonable opportunity to petition for a writ of habeas corpus and, once removed, he no longer qualified to petition because he was not "in custody." *See Miranda v. Reno*, 238 F.3d 1156, 1158–59 (9th Cir.2001). Gutierrez–Perez accordingly may not have had any meaningful opportunity to present his constitutional claim. In that event, the government reasons, Gutierrez–Perez ought to be able to present the claim to us by petition for review despite the jurisdiction-stripping provision of § 1252(a)(2)(C).

■ Even if this alternative ground of jurisdiction is viable in theory, a point that we do not decide, it is of no assistance to Gutierrez–Perez in this case because it

extends to jurisdiction for direct review of *colorable* constitutional claims.[2] *See Webster v. Doe,* 486 U.S. 592, 603, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) (heightened showing required that Congress intended to preclude review of constitutional claims because of the "serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim") (internal quotation marks and citation omitted). Gutierrez–Perez's constitutional claim is that § 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h), violates equal protection by authorizing the Attorney General to waive certain felonies as a ground of removal for undocumented aliens while denying that authority for legal permanent resident aliens. Although this claim may have been colorable when first asserted, it is now squarely foreclosed by *Taniguchi v. Schultz,* 303 F.3d 950, 957–58 (9th Cir.2002) (amended opinion). Being now foreclosed by binding precedent, Gutierrez–Perez's claim is not colorable. *Cf. Hagans v. Lavine,* 415 U.S. 528, 537, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (constitutional question not "substantial" for purposes of federal jurisdiction when foreclosed by previous decisions). Because Gutierrez–Perez does not present a colorable constitutional question that would trigger direct review jurisdiction if it exists, we do not entertain his claim. *See Briseno v. INS,* 192 F.3d 1320, 1323 (9th Cir.1999).

---

**2.** The government suggests that even statutory claims might be addressed to prevent a miscarriage of justice, but the only authority it cites deals with constitutional claims. *See La Guerre v. Reno,* 164 F.3d 1035, 1040 (7th Cir.1998). We have been offered no conceivable ground for disregarding the explicit jurisdiction-stripping provision of § 1252(a)(2)(C) for anything other than colorable constitutional claims.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

PETITION FOR REVIEW DISMISSED.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.