MEMORANDUM **
Hermes Enrique Vasquez-Aguirre, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. *737 § 1252. We review de novo questions of law, Cerezo v. Mukasey, 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA’s determination of the governing statutes and regulations, Simeonov v. Ashcroft, 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006). We deny in part and dismiss in part the petition for review.
We reject Vasquez-Aguirre’s claim that he is eligible for asylum based on his membership in a particular social group, namely, young El Salvadoran males who resist efforts by gangs to recruit them or extort money from them. See Santos-Lemus v. Mukasey, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group “young men in El Salvador resisting gang violence”) (internal quotation omitted); Ramos-Lopez v. Holder, 563 F.3d 855, 860-62 (9th Cir.2009) (rejecting as a particular social group “young Honduran men who have been recruited by [a gang], but who refuse to join”).
Accordingly, because Vasquez-Aguirre failed to demonstrate that he was persecuted on account of a protected ground, we deny the petition as to his asylum claim. See Barrios v. Holder, 581 F.3d 849, 856 (9th Cir.2009).
Vasquez-Aguirre’s due process claim fails because he has no cognizable liberty interest in discretionary relief from removal. See Tovar-Landin v. Ashcroft, 361 F.3d 1164, 1167 (9th Cir.2004); see also Briseno v. INS, 192 F.3d 1320, 1323 (9th Cir.1999) (deportable aliens have no substantive due process right to residence in the United States).
We lack jurisdiction to review both Vasquez-Aguirre’s challenge to the IJ’s corroboration finding and his claim for humanitarian asylum, withholding of removal, and CAT relief, because he failed to exhaust these arguments before the BIA. See Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir.2009) (en banc) (per curiam); see also Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir.2004).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.