**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTURO PEREZ-GUTIERREZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    16-70519

Agency No. A036-732-544

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2018**
Pasadena, California

Before:  BERZON, FISHER,*** and WATFORD, Circuit Judges.

The Immigration Judge ("IJ") denied Arturo Perez-Gutierrez's claim for

protection under the Convention Against Torture, and the Board of Immigration

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Appeals ("BIA") upheld the IJ's decision and dismissed the appeal. Perez-Gutierrez petitions for review of the BIA's decision.

Substantial evidence supports the agency's conclusion that Perez-Gutierrez has not shown that he is more likely than not to be tortured in Mexico. The record demonstrates the appalling conditions in Mexican mental health facilities. But this court's decision in *Villegas v. Mukasey*, 523 F.3d 984 (9th Cir. 2008), forecloses the argument that these conditions alone constitute torture. Rather, Perez-Gutierrez had the burden to show that "Mexican officials (or private actors to whom officials have acquiesced) created these conditions for the specific purpose of inflicting suffering upon the patients." *Id.* at 989. The evidence does not compel the conclusion that such a showing has been made here. And while the record documents specific instances of assault, restraint, and involuntary surgery that meet this standard, the record does not compel the conclusion that Perez-Gutierrez in particular is more likely than not to be a victim of these abuses.

Perez-Gutierrez contends that because of his severe disabilities, removing him to Mexico violates the Eighth Amendment's prohibition on cruel and unusual punishments. But this guarantee does not apply to civil proceedings, including removal. *See Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir. 1999).

**PETITION FOR REVIEW DENIED.**