**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARISSA MONTE ROSQUETA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   16-70047<br><br>Agency No. A043-022-178<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Petitioner Marissa Monte Rosqueta petitions for review of the Board of

Immigration Appeals's (BIA) final order of removal.  We have jurisdiction over

Rosqueta's claim to derivative citizenship through her adoptive parents, who are

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

naturalized United States citizens, pursuant to 8 U.S.C. § 1252(a)(5). We have jurisdiction over Rosqueta's other legal and constitutional challenges to the BIA's decision pursuant to 8 U.S.C. § 1252(a)(2)(D). We review the BIA's legal conclusions *de novo*, *see Saldivar v. Sessions*, 877 F.3d 812, 814 (9th Cir. 2017), and we deny Rosqueta's petition for review.[1]

1.      The BIA did not err as a matter of law in denying Rosqueta's claim to derivative United States citizenship. Preliminarily, in the absence of any supporting legal authority, we reject her contention that her adoption was final prior to her eighteenth birthday. Likewise, we cannot agree that Rosqueta gained automatic citizenship through her admission to the United States on an immediate relative immigrant visa.

We also discern no error in the BIA's application of former 8 U.S.C. § 1432(b) (repealed 2000) (which the parties refer to as INA § 321) to Rosqueta's derivative citizenship claim. Even if Rosqueta's adoption was final prior to her eighteenth birthday, this section could only confer citizenship on an adopted child if the "child [was] residing in the United States at the time of naturalization of such adoptive parents . . . pursuant to a lawful admission for permanent residence." *Id.*

---

[1]      The parties are familiar with the facts and procedural background, so we recite it only as necessary to decide Rosqueta's petition.

2

It is undisputed that Rosqueta was not a permanent resident at the time of her parents' naturalizations in 1980, and that Rosqueta entered the United States as a permanent resident for the first time in 1991. The BIA correctly concluded that Rosqueta is ineligible for derivative citizenship through her adoptive parents.

2.     The BIA did not err as a matter of law in its application of 8 U.S.C. § 1182(h). Because Rosqueta entered the United States as a permanent resident, then committed an aggravated felony, she is ineligible for a waiver of inadmissability. Rosqueta asserts that this statutory scheme is "arbitrary and capricious" because non-immigrants who subsequently adjust status may seek waivers even if they have convictions for aggravated felonies, but aliens who initially enter as immigrants cannot.

We have already addressed this issue, holding that the difference in treatment is supported by a plain reading of the statutory text and "does not lead to the type of result that permits invocation of the absurdity doctrine." *See Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1054 (9th Cir. 2014). A three-judge panel does not have the ability to revisit that holding.

3.     Rosqueta's removal does not violate the Eighth Amendment. The sole authority cited in support of this claim is a 1958 Supreme Court case addressing forfeiture of preexisting citizenship as a statutory consequence of a wartime

3

desertion conviction.  *See Trop v. Dulles*, 356 U.S. 86, 88 (1958).  *Trop* does not support Rosqueta's claim of cruel and unusual punishment.

Ninth Circuit law squarely addresses Rosqueta's circumstances and holds that "deportation is not 'cruel and unusual punishment' even though the 'penalty' may be severe," *Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir. 1999), reasoning in part from the Supreme Court's determination that deportation is not punishment, even if it occurs because of a violation of underlying criminal laws.  *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471 (1999).

**PETITION DENIED.**