NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIN SOLIS, | No. 17-72686 |
| Petitioner, | Agency No. A090-170-481 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Marin Solis, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's order denying a waiver of inadmissibility under former section 212(c) of

the Immigration and Nationality Act ("INA").  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review de novo questions of law, including claims of due

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's denial of a waiver of inadmissibility under former INA § 212(c) as a matter of discretion. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007). Solis does not raise a colorable legal or constitutional claim to invoke our jurisdiction, where the record indicates the agency considered and weighed the proper factors. *See id.* at 924 (record indicated agency considered all relevant factors and articulated reasons for denying discretionary relief; there is no definitive list of factors the agency must or may not consider); *see Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the agency] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation omitted)).

Solis has not established a violation of any substantive due process rights. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018) ("Even once inside the United States, aliens do not have an absolute right to remain here. For example, an alien present in the country may still be removed if he or she . . . [has] been convicted of certain criminal offenses since admission."); *Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir. 1999) ("The policy decision to deport aliens who have committed certain crimes is for Congress to make; we will not intervene as long as

2                                                                    17-72686

procedural due process requirements have been met.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**