**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ALBERTO TORRES-TORRES, AKA Juan Alberto Torres,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-71349<br><br>Agency No. A041-765-869<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2020**
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Juan Alberto Torres Torres, a legal permanent resident and a citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision

affirming an immigration judge's ("IJ") denial of withholding of removal and

denial of relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1252.

1.      Torres Torres challenges the IJ's finding that his conviction for conspiracy to distribute cocaine in violation of federal law was a "particularly serious" crime. "We have jurisdiction to review for abuse of discretion the BIA's conclusion that an offense constitutes a particularly serious crime. Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence . . . . We may not reweigh the evidence and reach our own determination about the crime's seriousness." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (citations and quotation omitted).

The Attorney General has created "an extraordinarily strong presumption that drug trafficking offenses are particularly serious crimes." *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007). Under *In Re Y-L-*, 23 I. & N. Dec. 270, 274 (2002) *overruled on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003), "aggravated felonies involving unlawful trafficking in controlled substances" are presumptively particularly serious crimes, and "[o]nly under the most extenuating circumstances that are both extraordinary and compelling would departure from this interpretation be warranted or permissible."

> To overcome the *In re Y-L-* presumption, a petitioner must demonstrate
>
> at a *minimum*: (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement . . . in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or

2

threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement, direct or indirect, in relation to the offending activity; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles.

*In Re Y-L-*, 23 I. & N. Dec. at 276–77. The IJ's finding that Torres Torres was only able to demonstrate that there was no violence associated with his crime was supported by substantial evidence. Thus, the BIA did not abuse its discretion in holding that Torres Torres failed to rebut the presumption.[1]

2. We have jurisdiction to review a denial of CAT relief where, as here, the petitioner brings a factual challenge. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020). We "review the factual findings behind the agency's conclusion for substantial evidence." *Avendano-Hernandez*, 800 F.3d at 1078. We "must uphold those findings unless the record compels a contrary result." *Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010).

Torres Torres did not provide evidence of past torture. He did credibly testify and offer evidence regarding two intertwined concerns related to future torture and whether he could safely relocate within Mexico. First, he testified that he cooperated with the U.S. government after his arrest, including taping phone

---

[1] Because we hold that the BIA did not abuse its discretion in finding that Torres Torres's conviction was for a "particularly serious crime," we need not consider whether Torres Torres met his burden to establish a probability of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b).

calls about drug deals and informing on individuals involved with the New Generation cartel. Second, Torres Torres testified that his family in Mexico had an ongoing feud with another family, the Mendozas. Two of Torres Torres's family members have been killed after being deported to Mexico, and the fiancé of one of the murdered men was disappeared.

As the IJ noted, however, deferral under the CAT requires that Torres Torres shows that the Mexican government would acquiesce in his torture. The record contains only generalized evidence of government corruption and failure to defeat cartels that is not particular to Torres Torres. Therefore, the record does not compel a conclusion that Torres Torres is more likely than not to be tortured in Mexico.

3. Torres Torres argues that the IJ violated his due process rights by declining to qualify Dr. Thomas Boerman as an expert on country conditions. "We review de novo due process challenges to immigration decisions." *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003).

There is no evidence the IJ prejudged Dr. Boerman's credibility or the probative value of his testimony. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005). To the contrary, the IJ heard Dr. Boerman's testimony on his credentials; had a lengthy, on the record colloquy with Torres Torres's counsel

4

regarding Dr. Boerman's credentials; and reviewed Dr. Boerman's submitted materials.

Similarly, the IJ's denial of the opportunity for Dr. Boerman to offer substantive oral testimony did not render Torres Torres's hearing "so fundamentally unfair that the alien was prevented from reasonably presenting [his] case." *Lopez-Umanzor*, 405 F.3d at 1056 (quotation omitted). The IJ accepted Dr. Boerman's report and, because Dr. Boerman planned to testify consistently with the submitted report and on issues as to which he was not recognized as an expert, the IJ properly declined to hear his oral testimony.

In any event, for us "to grant the petition for review on due process grounds, [Torres Torres] must show prejudice, which means that the outcome of the proceeding *may have been affected* by the alleged violation." *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005) (quotation omitted). The IJ made clear that even if he had given Dr. Boerman's report weight, he would have reached the same outcome. The IJ's actions thus did not prejudice Torres Torres.

4.     Finally, Torres Torres raises an Eighth Amendment challenge. The Supreme Court has long held that an "order of deportation is not a punishment for crime" and thus is not subject to Eighth Amendment protections. *Fong Yue Ting v. United States*, 149 U.S. 698, 730 (1893). Binding precedent makes clear that

"deportation is not 'cruel and unusual punishment even though the 'penalty' may be severe." *Briseno v. I.N.S.*, 192 F.3d 1320, 1323 (9th Cir. 1999).

The petition is **DENIED**.