**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Rosa Elena Alcantar-Garcia,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 22-24<br><br>Agency No.   A202-022-939<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023[**]
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Rosa Elena Alcantar-Garcia (Alcantar-Garcia), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' (BIA)

decision finding her ineligible for asylum, withholding of removal, protection

under the Convention Against Torture (CAT), and cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.    Alcantar-Garcia forfeited any challenge to the denial of CAT protection or asylum because she did not raise it in her opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

2.    Alcantar-Garcia challenges the agency's determination that she failed to establish the good moral character required for regular and special rule cancellation of removal. To the extent Alcantar-Garcia raises any factual challenge to this determination, we lack jurisdiction to consider it. *See Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to consider claims of constitutional error. *Id.* at 1619. Alcantar-Garcia argues that an ICE hold violated her Eighth Amendment rights by delaying her state criminal proceedings and causing her 180-day confinement, which in turn prevented her from establishing good moral character for the purposes of cancellation of removal. This claim is not colorable because the Eighth Amendment does not apply to civil immigration proceedings. *See Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir. 1999); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984).

3.    Substantial evidence supports the agency's denial of Alcantar-Garcia's withholding of removal claim on the ground that she failed to establish membership in the proposed particular social group of Mexican women with

disabilities. Despite being afforded additional time to do so, Alcantar-Garcia failed to provide any diagnosis or medical documentation of her disability. *Cf. Acevedo Granados v. Garland*, 992 F.3d 755, 763 (9th Cir. 2021) (noting petitioner brought forward "documented clinical diagnoses by licensed professionals"). Furthermore, Alcantar-Garcia testified that she has never been diagnosed with a disability and that she could not think of a social group in Mexico to which she belonged. Other evidence presented, including her children's medical records and testimony by her children's former caseworker, does not compel the conclusion she is disabled and a member of her proposed particular social group.[1]

4.     We deny Alcantar-Garcia's request to remand to the BIA based on new evidence of post-conviction relief (Dkt. No. 23). 8 U.S.C. § 1252(b)(4)(A) (limiting our review to the administrative record on which the order of removal is based); *see also Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

5.     The motion for a stay of removal (Dkt. No. 2) is also denied. The temporary stay of removal is lifted.

**PETITION DENIED.**

---

[1] In light of this disposition, we need not reach the parties' remaining arguments regarding withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

3