**Efren CASTRO–ESPINOSA, aka Efren Castro, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 01–70219.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.\*\*

Filed July 17, 2001.

Andres Z. Bustamante, Los Angeles, California, for the petitioner.

Marion E. Guyton, Office of Immigration Litigation, Washington, D .C., for the respondent.

---

\* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2).

BEFORE: O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

## ORDER

■ Respondent moves to dismiss this petition for review of the order of removal by the Board of Immigration Appeals ("BIA") for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C).[1] Respondent contends that petitioner Efren Castro–Espinosa's convictions for harboring and aiding and abetting the harboring of an illegal alien under 8 U.S.C. § 1324(a)(1)(A)(iii) are aggravated felonies. We agree with respondent and dismiss.

■ This court lacks jurisdiction to review an order of removal if the petitioner committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). *See* 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii); *Aragon–Ayon v. INS*, 206 F.3d 847, 849–50 (9th Cir.2000). Among the definitions of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(N) is "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)."[2] Paragraph (1)(A) of section 1324(a) criminalizes several different categories of conduct, three of which are relevant here. Subsection (i) applies to one who brings an alien into the United States illegally;[3] subsection (ii) applies to one who knowingly transports an illegal alien within the United States;[4] and subsection (iii) applies to one who knowingly harbors or conceals an illegal alien.[5] Because Castro–Espinosa was convicted of multiple violations of harboring aliens under 8 U.S.C. § 1324(a)(1)(A)(iii), the aggravated felony definition in 8 U.S.C. § 1101(a)(43)(N) appears, on its face, to apply.

■ Before the Immigration Judge and the BIA, Castro–Espinosa argued that the subsection (iii) crime of harboring aliens is not an offense "relating to alien smuggling." His argument, essentially, is that the parenthetical phrase "relating to alien smuggling" in section 1101(a)(43)(N) is limiting rather than descriptive.

---

1. Removal proceedings against Castro–Espinosa were initiated after April 1, 1997. Accordingly, the permanent provisions of the Immigration and Nationality Act, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, apply to this petition for review. *See Kalaw v. INS*, 133 F.3d 1147, 1151 (9th Cir.1997).

2. Section 1101(a)(43)(N) excludes from the aggravated felony definition a first offense committed under 1324(a)(1)(A) or (2) where the alien affirmatively shows that he or she "committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter." That exception does not apply to Castro–Espinosa's convictions.

3. 8 U.S.C. § 1324(a)(1)(A)(i) applies to any person who "knowing that a person is an alien, brings to or attempts to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien."

4. Section 1324(a)(1)(A)(ii) applies to someone who "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law."

5. Section 1324(a)(1)(A)(iii) applies to a person who "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation."

We rejected a very similar argument in *United States v. Galindo–Gallegos,* 244 F.3d 728, 733–34 (9th Cir.2001). There, the appellant argued that his subsection (ii) conviction for *transporting* illegal aliens was not related to alien smuggling, and therefore did not qualify as an aggravated felony. We held that, under a straightforward reading of section 1101(a)(43)(N), the parenthetical "merely describes and does not limit subsection (ii) 'transporting' offenses that may be a predicate for the aggravated felony." *Id.* at 734. By parity of reasoning, the parenthetical "related to alien smuggling" does not limit subsection (iii) harboring offenses either, but simply describes the type of offenses included in section 1324(a)(1)(A).

We hold that the offense of harboring illegal aliens under section 1324(a)(1)(A)(iii) is an aggravated felony pursuant to section 1101(a)(43)(N). Because Castro–Espinosa was convicted of an aggravated felony, we lack jurisdiction over this petition for review. *See Aragon–Ayon,* 206 F.3d at 849–50. We therefore grant respondent's motion to dismiss.

All other pending motions are denied upon issuance of the mandate. The petition for review is

**DISMISSED.**