**SHE MEI LIN, Petitioner,**

v.

**John ASHCROFT,* Respondent.**

No. 00–71132.
INS No. A76–280–437.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 **.

Decided May 24, 2002.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM ***

She Mei Lin, a native and citizen of China, petitions for review of the Board of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Attorney General John Ashcroft is the proper respondent under the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (the "Convention"). The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply, *see Castro–Espinosa v. Ashcroft*, 257 F.3d 1130, 1131 n. 1 (9th Cir.2001) (order), and we deny the petition.

We review credibility findings of the BIA for substantial evidence and we uphold the adverse credibility finding unless the evidence compels a contrary result. *Chebchoub v. INS*, 257 F.3d 1038, 1042, 1043 (9th Cir.2001). Substantial evidence supports the BIA's adverse credibility finding because She Mei Lin presented contradictory evidence regarding his wife whom he claims was forcibly sterilized. For example, She Mei Lin produced a marriage certificate that lists his wife's name as Ya Mei Wang and birth date as December 10, 1967. The sterilization certificate, however, is in the name of Xiao Qin Wang, whose birth date is May 10, 1964, and who lives at a different address from She Mei Lin.

Because She Mei Lin failed to adequately explain the discrepancies, and the identity of his wife goes to the "heart of [his] asylum claim," the denial of asylum was appropriate. *See id.* at 1043 (alteration in original). It follows that She Mei Lin did not satisfy the more stringent standard for withholding of removal. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir. 1997).

We decline to review the BIA's denial of She Mei Lin's application for relief under the Convention because he does not challenge that ruling on appeal. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.