**Francisco MORA–ZAMORA, Petitioner,**

v.

**John ASHCROFT,\* Attorney General, Respondent.**

**No. 99–71177.**
**INS No. A90–639–053.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 \*\*.

Decided July 25, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

**MEMORANDUM** \*\*\*

Francisco Mora–Zamora, a native and citizen of Mexico, petitions pro se for review of a final decision of the Board of Immigration Appeals dismissing the appeal of the immigration judge's order of removal and denial of cancellation of removal. The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply, *see Castro–Espinosa v. Ashcroft*, 257 F.3d 1130, 1131 n. 1 (9th Cir.2001) (order), and we have jurisdiction to determine our own jurisdic-

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion, *see Flores–Miramontes v. INS,* 212 F.3d 1133, 1135 (9th Cir.2000). We dismiss the petition.

Mora–Zamora is removable and statutorily ineligible for cancellation of removal because he has been convicted of two aggravated felonies, as defined by 8 U.S.C. § 1101(a)(43)(F). *See* *id.* §§ 1227(a)(2)(A)(iii), 1229b(a)(3). Mora–Zamora's contention that his prior convictions for harassment and domestic violence do not constitute aggravated felonies is without merit. *See* 8 U.S.C. § 1101(a)(43)(F) (aggravated felony defined as crime of violence for which one year of imprisonment is imposed). Mora–Zamora's contention that because a portion of each of his sentences was suspended, he was not sentenced to one year of imprisonment, is similarly without merit. *See* 8 U.S.C. § 1101(a)(48)(B) (term of imprisonment refers to the period of incarceration imposed by court regardless of a partial or total suspension thereof).

Because Mora–Zamora was convicted of two enumerated offenses pursuant to 8 U.S.C. § 1252(a)(2)(C), we dismiss this petition for review for lack of jurisdiction. *See Flores–Miramontes,* 212 F.3d at 1135 (final order of removal); *Cruz–Aguilera v. INS,* 245 F.3d 1070, 1073 (9th Cir.2001) (order) (denial of cancellation of removal). We also lack jurisdiction to review Mora–Zamora's constitutional challenge. *See Matsuk v. INS,* 247 F.3d 999, 1002 n. 12 (9th Cir.2001).

PETITION FOR REVIEW DISMISSED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.