**Jesus Alberto HERNANDEZ–GUZMAN, Petitioner,**

v.

**John ASHCROFT, Attorney General \*, Respondent.**

No. 01–71352.
INS No. A91–455–268.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.\*\*

Decided Aug. 26, 2002.

Before FISHER, and PAEZ, Circuit

---

\* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. § 1252(b)(3)(A).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Judges, and WHELAN ***, District Judges.

## MEMORANDUM ****

Petitioner Jesus Alberto Hernandez–Guzman ("Hernandez"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration pursuant to 8 C.F.R. § 3.2(d) (providing that any departure from the United States occurring after the filing of a motion to reconsider shall constitute a withdrawal of such motion). The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply. *See Castro–Espinosa v. Ashcroft,* 257 F.3d 1130, 1131 n. 1 (9th Cir.2001). We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We reverse and remand.

### PROCEDURAL BACKGROUND

On September 30, 1999, the Immigration Judge ("IJ") found Hernandez removable and denied his applications for cancellation of removal and voluntary departure. On appeal to the BIA, Hernandez was represented by counsel. On March 16, 2000, the BIA dismissed Hernandez's appeal, but did not notify counsel of its decision. On March 21, 2000, the Immigration and Naturalization Service ("INS") removed Hernandez from the United States.

On April 25, 2001, counsel first learned of the BIA's dismissal and filed a motion for reconsideration on May 25, 2001. The BIA denied that motion pursuant to 8 C.F.R. § 3.2(d) on July 11, 2001.[1]

### DISCUSSION

 Respondent John Ashcroft ("Respondent") asserts that the lack of communication between Hernandez and his attorney after deportation moots this appeal. We disagree. In *United States v. Valdez–Gonzalez,* 957 F.2d 643, 646–47 (9th Cir. 1992), we considered whether an appeal of a sentencing departure was moot when the defendants had been deported and no one knew their whereabouts. *Id.* Relying on *United States v. Villamonte–Marquez,* 462 U.S. 579, 581 n. 2, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983), we held that the appeal was not moot because the deportees faced collateral consequences from the deportation. These collateral consequences included the potential that the deportees "could face further proceedings in this case upon reentering the country," *Valdez–Gonzalez,* 957 F.2d at 647, and that "the Government could bar any attempt by [the deportees] to voluntarily re-enter this country," *Villamonte–Marquez,* 462 U.S. at 581 n. 2; *see also United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 n. 8 (9th Cir.2002) (listing numerous collateral consequences for an alien convicted of an aggravated felony).

These same consequences sustain a case or controversy here. Hernandez's deportation may result in a bar to Hernandez's re-entry into the United States. Moreover, if he re-enters without authorization

---

*** The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The BIA mistakenly found that Hernandez was removed from the United States *after* the filing of the motion for reconsideration, thus resulting in withdrawal of the motion. (*See* Administrative Record at 2.) However, the record reflects that Hernandez was removed over one year *prior* to the filing of the motion for reconsideration. Section 3.2(d) provides for withdrawal of the motion only when petitioner is removed *after* the motion is filed. Therefore, the BIA's reliance on that part of § 3.2(d) was misplaced.

from the Attorney General, he may be subject to criminal prosecution for unlawful re-entry after deportation. 8 U.S.C. § 1326.

■ Respondent also contends that the BIA lacked jurisdiction over the motion for reconsideration because Hernandez's counsel filed that motion subsequent to his client's removal from the United States. We disagree.

Section § 3.2(d) provides that:

A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

We have previously held that "departure from the United States" applies only to a legally executed departure. In *Mendez v. INS*, 563 F.2d 956, 958 (9th Cir.1977), as here, the INS deported an immigrant without notifying his counsel, thereby depriving him of due process. At that time, 8 U.S.C. § 1105a deprived the courts of jurisdiction over a petition to review once the petitioner had departed from the United States. Section 1105a provided that "[a]n order of deportation or of exclusion shall not be reviewed by any court if ... [the petitioner] has departed from the United States after the issuance of the order." *Mendez*, 563 F.2d at 958.

We held that § 1105a did not bar this court from exercising jurisdiction when the deportation resulted from a due process violation. We later applied the reasoning in *Mendez* to § 3.2(d). In *Wiedersperg v. INS*, 896 F.2d 1179, 1181–82 (9th Cir. 1990), we concluded that § 3.2(d)'s bar to

BIA review of a deportation order after the petitioner departed the United States applied only if the departure was legally executed. Holding that petitioner's departure was not legally executed, we reversed the BIA's denial of the motion to reopen. *Id.*

Here, the BIA failed to notify Hernandez's counsel of its decision upholding the IJ's removal order, thereby violating Hernandez's due process rights. Because Hernandez's due process rights were violated, his removal was not "legally executed." Accordingly, the BIA erred in dismissing Hernandez's motion for reconsideration pursuant to § 3.2(d).

### Conclusion

We REVERSE the BIA's dismissal of Hernandez's motion for reconsideration and REMAND to the BIA for a determination on the merits.

**PETITION GRANTED; REVERSED AND REMANDED.**