Luis Antonio RODAS, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–70815.

INS No. A70–967–135.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.**

Decided Jan. 22, 2003.

---

Immigrant Responsibility Act of 1996 ("IIRIRA").

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Attorney General John Ashcroft is the proper respondent under the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM ***

Luis Antonio Rodas, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("Convention"). We have jurisdiction under 8 U.S.C. § 1252. *See Castro–Espinoza v. Ashcroft,* 257 F.3d 1130, 1131 n. 1 (9th Cir.2001) (order). We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's conclusion that Rodas failed to establish past persecution on account of an imputed political opinion. Rodas testified that the guerrillas asked him to join because they wished to use his father's land. Rodas also testified that he refused to join or help the guerrillas because he feared reprisal from the military. There is no indication that the guerrillas attributed a political reason to Rodas' refusal. *See id.* at 482, 112 S.Ct. 812.

Substantial evidence also supports the BIA's conclusion that Rodas failed to establish a well-founded fear of future persecution. Rodas' testimony that his cousin was killed by unknown assailants for an unknown reason in 1997 does not compel a contrary conclusion. *Id.* at 483, 112 S.Ct. 812.

As Rodas failed to satisfy the standard for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence supports the BIA's conclusion that Rodas failed to show that it was more likely than not that he would be tortured upon returning to Guatemala, and therefore was not entitled to relief under the Convention. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

