**Luis Estuardo BERGANZA, Petitioner,**

v.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Fernandez–Granada's motion for oral argument.
** This disposition is not appropriate for publication and may not be cited to or by the

John ASHCROFT,* Respondent.

No. 02–70490.

INS No. A72–518–817.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.**

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ, and
BERZON, Circuit Judges.

MEMORANDUM ***

Luis Estuardo Berganza, a native and citizen of Guatemala, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal and request for relief under the United Nations Convention against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b). *See Castro–Espinosa v. Ashcroft,* 257 F.3d 1130, 1131 n. 1 (9th Cir.2001) (order). We deny the petition.

We review the BIA's factual findings, including whether a petitioner has demonstrated past persecution or a well-founded fear of future persecution, for substantial evidence, and we uphold the BIA ruling unless the evidence compels a contrary result. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence supports the BIA's conclusion that the guerillas' harassment of Berganza, if any, was on account of his family's wealth or their recruitment efforts, neither one of which constitutes a protected ground. *See Li v. INS,* 92 F.3d 985, 987 (9th Cir.1996) (low economic status does not constitute a social group for asylum purposes); *Pedro–Mateo,* 224 F.3d at 1151 (guerillas' recruitment attempts alone do not constitute persecution on account of political belief).

Further, to the extent that Berganza's asylum application is based upon his status as a former low-ranking member of the military, substantial evidence supports the BIA's conclusion that Berganza failed to demonstrate why the guerillas would target him should he return to Guatemala now. *See Chanco v. INS,* 82 F.3d 298, 303 (9th Cir.1996) (although "reprisals against former military officers can provide a basis for granting asylum," applicant "failed to meet his burden of proof, which requires evidence that he is likely to be singled out for rebel attacks").

Accordingly, Berganza failed to establish eligibility for asylum or withholding of removal. *See Pedro–Mateo,* 224 F.3d at 1150.

Berganza is not entitled to relief under the Convention because he did not demonstrate that it was more likely than not that he would be subjected to an "extreme form of cruel and·inhuman treatment" if returned to Guatemala. *See Li v. Ashcroft,*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

** This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). We therefore deny Berganza's request for oral argument.

312 F.3d 1094, 1103 (9th Cir.2002); 8 C.F.R. § 208.18(a)(1).

Berganza's contentions that he was denied due process and equal protection are without merit.

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.