Elvia Leonor RAMOS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70206.

INS No. A73–216–616.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Elvia Leonor Ramos, a native and citizen of Guatemala, petitions for review of

---

1. The clerk shall file the reply brief received on January 23, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's denial of her application for asylum, and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. *See Castro–Espinosa v. Ashcroft*, 257 F.3d 1130, 1131 n. 1 (9th Cir.2001) (order). We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's conclusion that Ramos failed to establish a well-founded fear of future persecution. Ramos' testimony that her brother-in-law was killed by guerrillas in 1993, and that she fears returning because of threats to her family does not compel a contrary finding. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (allegations of isolated violence against family members is not enough to establish a well-founded fear of persecution).

As Ramos failed to satisfy the standard for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Ramos' contention that the BIA erred in taking administrative notice of changed country conditions is without merit because the country conditions report was entered into evidence.

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.