470

**Jose Arturo MIGUEL–MIGUEL,
Petitioner,**

v.

**John ASHCROFT,\* Respondent.**

No. 02–70261.

INS No. A71–635–286.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.\*\*

Decided April 17, 2003.

Before RYMER, KLEINFELD, and
FISHER, Circuit Judges.

MEMORANDUM\*\*\*

Jose Arturo Miguel–Miguel, a native and citizen of Guatemala, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's order denying his application for withholding of removal and request for relief under the United Nations Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b). *See Castro–Espinosa v. Ashcroft,* 257 F.3d 1130, 1131 n. 1 (9th Cir.2001) (order). We deny the petition.

We review the BIA's factual findings for substantial evidence, and we uphold the BIA ruling unless the evidence compels a

contrary result. *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

The evidence does not compel the conclusion that Miguel would more likely than not be persecuted upon return to Guatemala because he participated in the military's exhumation of mass graves and then deserted the military four years later. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)(2); *Lim v. INS,* 224 F.3d 929, 938 (9th Cir.2000). Accordingly, Miguel failed to establish eligibility for withholding of removal. *See id.* (upholding BIA's denial of application for withholding of deportation because "we cannot say that such persecution *will* happen, in the sense of being more likely than not" (emphasis in original)).

Substantial evidence supports the BIA's conclusion that Miguel is not entitled to relief under the Convention because he did not demonstrate that it was "more likely than not" that he would be subjected to an "extreme form of cruel and inhuman treatment" if returned to Guatemala. *See* 8 C.F.R. § 208.18(a)(1); *Li v. Ashcroft,* 312 F.3d 1094, 1103 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

\* Attorney General John Ashcroft is the proper respondent under the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.