Sergio Alberto **DIAZ–SOSA**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–70343.

INS No. A22–438–446.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided April 23, 2003.

Before B. FLETCHER and HAWKINS, Circuit Judges, and Bury, District Judge.*

### MEMORANDUM**

Petitioner Diaz–Sosa, a native and citizen of Mexico, was ordered removed after being convicted of an aggravated felony under 21 U.S.C. §§ 841(a), 952, and 960. The Bureau of Immigration Appeals denied his request for cancellation of removal. He appeals claiming that he is a citizen or national of the United States.

We have jurisdiction to determine if a genuine issue of material fact exists as to whether Diaz–Sosa is a national or citizen, and therefore, not an alien subject to removal under the immigration laws. *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir.2001); *Scales v. INS*, 232 F.3d 1159, 1161 (9th Cir.2000); 8 U.S.C. § 1252(b)(5)(A). Diaz–Sosa contends that his continued presence in the United States and his application for citizenship qualifies him for national status. We have

acknowledged that lengthy residence alone does not qualify an individual as a national. *Hughes,* 255 F.3d at 756; *United States v. Sotelo,* 109 F.3d 1446, 1448 (9th Cir.1997). To obtain national status after birth, a person must, *at a minimum,* apply for citizenship to demonstrate permanent allegiance to the United States. *Hughes,* 255 F.3d at 757. Although Diaz–Sosa applied for naturalization in 1985, he withdrew his application the following year.

We recently held that where an alien withdraws an application for naturalization, the alien is not a national as a matter of law. *United States v. United States District Court for the Central District of California,* 316 F.3d 1071 (9th Cir.2003). The "at a minimum" requirement in *Hughes* in no way suggests that the mere filing of a citizen application is enough to obtain nationality. *Hughes,* 255 F.3d at 757 (finding that, since petitioner did not apply for citizenship, "we need not delineate what additional facts (if any) he would have to show"). Therefore, no genuine issue of fact exists to warrant an evidentiary hearing on Diaz–Sosa's nationality. *Baeta v. Sonchik,* 273 F.3d 1261, 1265 (9th Cir.2001). Since he is not a national or citizen of the United States, he is an alien pursuant to 8 U.S.C. § 1101(a)(3).

Diaz–Sosa's claim that the Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431, violates equal protection because it does not apply retroactively must fail, as conceded by petitioner's counsel at oral argument. We have held that the CCA does not apply retroactively to individuals who turned eighteen before the implementation of the CCA. *Hughes,* 255 F.3d at 759–60 (finding that an individual who was adopted by citizen parents is not entitled

---

* Hon. David C. Bury, U.S. District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to automatic citizenship since he was over the age of eighteen at the time of the Act's implementation). Even if the statute applied retroactively, Diaz–Sosa would not qualify for citizenship since his mother became a naturalized citizen in 1997, well after his eighteenth birthday. Moreover, Diaz–Sosa does not allege in his pleadings, nor is it apparent in the record, that he was ever adopted by his stepfather. Diaz–Sosa has not suffered a particularized injury that is likely to be redressed by a favorable decision of the Court. *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Therefore, Diaz–Sosa does not have standing to attack the constitutionality of the CCA.

Diaz–Sosa's alien status renders him removable since he was convicted of an aggravated felony[1] after entry. 8 U.S.C. § 1227(a)(2)(A)(iii). Diaz–Sosa was convicted of importing and possessing marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), § 952, and § 960. Diaz–Sosa does not dispute that his underlying conviction is an aggravated felony; therefore, he does not qualify for cancellation of removal. 8 U.S.C. § 1227(a)(2)(A)(iii). With the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Congress divested federal courts of jurisdiction to review petitions "filed by aliens who are deportable because they committed an 'aggravated felony.'" *Briseno v. INS,* 192 F.3d 1320, 1322 (9th Cir.1999). Accordingly, we lack jurisdiction over Diaz–Sosa's petition.

Diaz–Sosa's due process rights have not been violated due to the fact that he is statutorily foreclosed from applying for re-

lief under repealed § 212(c) of the INA, codified at 8 U.S.C. § 1182(c) (1994) (repealed 1996). Discretionary relief under § 212(c) was never an option for Diaz–Sosa since his plea was entered after the enactment of IIRIRA. *Castro-Espinosa v. Ashcroft,* 257 F.3d 1130, 1131 (9th Cir. 2001). The denial of discretionary relief by the BIA did not deprive Diaz–Sosa of his due process rights under the Fifth Amendment. *Briseno,* 192 F.3d at 1323.

Accordingly, the petition for review is DISMISSED.

---

1. An "aggravated felony" includes illicit trafficking in controlled substance (as described in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code). INA § 101(a)(43).

