**Floridalma Laparra MIRANDA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72861.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Floridalma Laparra Miranda, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Minick, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

### MEMORANDUM **

Floridalma Laparra Miranda, a native and citizen of Guatemala, petitions for re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

view of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal of an immigration judge's denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. *See Castro–Espinosa v. Ashcroft,* 257 F.3d 1130, 1131 n. 1 (9th Cir.2001) (order). We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and must uphold the BIA's decision unless the evidence compels a contrary result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's determination that Laparra Miranda's 1991 kidnaping, rape and detention by guerrillas, were not on account of political opinion or any other enumerated ground. *See Ochave v. INS,* 254 F.3d 859, 866 (9th Cir.2001).

By failing to satisfy the standard for asylum, Laparra Miranda necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION FOR REVIEW DENIED.