**Joga SINGH, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 05–73516.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Jan. 8, 2008.

Leon B. Hazany, Esq., Law Offices of Asherson, Klein & Darbinian, Beverly Hills, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District, Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., Gregg M. Schwind, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Joga Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

*Asylum*

The record does not compel the conclusion that Singh has shown extraordinary or changed circumstances to excuse the untimely filing of his asylum application. *See Ramadan v. Gonzales,* 479 F.3d 646, 657–58 (9th Cir.2007) (per curiam); 8 C.F.R. § 1208.4(a)(4), (5). Singh's contention that the IJ relied on impermissible speculation and conjecture in determining that Singh's asylum application was not timely filed is not supported by the record and does not amount to a colorable due-process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."). In any event, the record demonstrates that Singh received a full and fair hearing regarding the timely fil-

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing of his asylum application. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Finally, Singh's equitable estoppel argument is barred because he did not raise it below. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

### Withholding

Substantial evidence supports the BIA's determination that, even assuming past persecution, Singh's return trips to India have rebutted any presumptive entitlement to withholding. *See* 8 C.F.R. 1208.16(b)(1)(ii).

### CAT

Substantial evidence supports the BIA's conclusion that Singh failed to establish that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. 1208.16(c)(2).

### Cancellation of Removal

We lack jurisdiction to consider Singh's contention that the BIA erred in determining that his two children, who are United States citizens, will suffer hardship as defined under 8 U.S.C. § 1229b(b)(1)(D). *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). Further, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–06 (9th Cir. 2003). Finally, Singh's argument that his removal to India violates the Eighth Amendment lacks merit. *See Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir.1999).

### Motion to Supplement

The Government's motion to supplement the administrative record with pages 15 and 16 of the IJ's decision is granted. Singh's request to remand this matter to the BIA is denied.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney

**PETITION DENIED in part; DISMISSED in part.**